O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE SAUCEDO, as Guardian Ad Litem for S.S., a minor,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. ED CV 13-2104 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Felipe Saucedo ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for supplemental security income on behalf of his minor daughter, S.S. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in concluding that the minor did not meet Listing 112.05(D) for her intellectual disability. (*See* Joint Stip. at 3-10.) The Court addresses, and rejects, Plaintiff's contention below.

A claimant has the burden to prove that he or she has an impairment that meets or equals a Listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "[T]o show that [an] impairment matches a Listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no

1  matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530
2  (1990) (emphasis in original).
3       To prove functional equivalence, a claimant must present medical findings
4  related to her impairment that "are at least of equal medical significance to the
5  required criteria" of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926(a).
6  However, the ALJ is *not* required to state why a claimant fails to meet or equal every
7  section of the Listings, as long as the ALJ adequately summarizes and evaluates the
8  evidence. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990).
9       In this case, the ALJ committed no error in finding that S.S. does not meet or
10 equal a Listing. Two reasons support this determination.
11      First, the ALJ properly relied on the opinion of the consultative examiner, Dr.
12 Adam Cash, in finding that S.S. does not meet or equal Listing 112.05D. (*See*
13 Administrative Record ("AR") at 14, 178-82); *Allen v. Heckler*, 749 F.2d 577, 579
14 (9th Cir. 1984) ("[T]o the extent that [the examining physician's] opinion rests on
15 objective clinical tests, it must be viewed as substantial evidence.")[1] To meet
16 Listing 112.05D, a claimant must have a "valid verbal, performance, or full scale IQ
17 of 60 through 70 and a physical or other mental impairment imposing an additional
18 and significant limitation of function." 20 C.F.R. pt. 404 subpt. P, app. 1
19 § 112.05D. Here, although Dr. Cash found that S.S. has a full scale IQ score of 70,
20 he did *not* "record[] findings equivalent in severity to the criteria of any listed
21 impairment, including Listing 112." (AR at 12, 178-82.)
22      In particular, Dr. Cash's treatment notes indicate that S.S. is only mildly
23 impaired in concentration, persistence, pace, and the ability to tolerate stress. (*Id.* at
24 181.) She is moderately limited in the ability to understand, remember, and carry

---

[1] Here, Dr. Cash administered a complete psychological evaluation, mental status exam, Wechsler Intelligence Scale for Children, and Test of Nonverbal Intelligence. (AR at 179.)

2

1  out simple instructions. (*Id.*)  While S.S. is moderately to markedly impaired in the
2  ability to socialize with teachers and students, she is not at risk for an emotional
3  breakdown at school. (*Id.*)  Similarly, Dr. Cash found that S.S. has a Global
4  Assessment of Functioning (GAF) score of 51, indicating no more than "moderate
5  symptoms." (*Id.*)  Thus, despite S.S.'s low IQ score, S.S. does not have "significant
6  limitations," let alone a presumptively disabling impairment. *See* 20 C.F.R. pt. 404
7  subpt. P, app. 1 § 112.05D.  While Plaintiff may disagree with the ALJ's
8  interpretation of Dr. Cash's opinion, the ALJ's interpretation was reasonable, and is
9  thus entitled to deference. *See Burch*, 400 F.3d at 679 ("Where evidence is
10 susceptible to more than one rational interpretation, it is the ALJ's conclusion that
11 must be upheld.").

12      Second, the signatures of the two State agency reviewing physicians, Drs.
13 B.A. Smith and N. Haroun, on S.S.'s disability determination and transmittal forms,
14 provide additional evidence that S.S. does not meet or equal a Listing. (*See* AR at
15 46-47); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 at *3 (July 2, 1996)
16 ("The signature of a State agency medical or psychological consultant on an SSA-
17 831-U5 (Disability Determination and Transmittal Form) . . . ensures that
18 consideration by a physician (or psychologist) designated by the Commissioner has
19 been given to the question of medical equivalence at the initial and reconsideration
20 levels of administrative review.").  Here, both Drs. Smith and Haroun specifically
21 considered S.S.'s symptoms and IQ score, and found that she does not meet or equal
22 Listing 112.05D.  (AR at 182-85, 192-93.)

23      Accordingly, the Court finds that substantial evidence supports the ALJ's
24 decision that S.S. is not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59
25 (9th Cir. 2001).
26 \\\
27
28

3

1       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
2 **AFFIRMING** the decision of the Commissioner denying benefits.

4 Dated: October 31, 2014

6                                            _____
7                                             Hon. Jay C. Gandhi
8                                         United States Magistrate Judge